IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH BARNES, | ) | 8:08CV529 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORMAN, OKLAHOMA POLICE | ) | |
| DEPARTMENT, and JOHN DOE, | ) | |
| Unknown Officer, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 9, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on December 9, 2008, against the Norman, Oklahoma Police Department ("NPD") and officer John Doe. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a resident of Lincoln, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that on October 22, 2008, Defendant Doe[1] pulled Plaintiff over in Norman, Oklahoma for "'following too close.'" (*Id*.) After Doe pulled Plaintiff over, Plaintiff alleges Doe "ran his drug dog over the vehicle and [the] dog started scratching" the passenger side door. (*Id*.)

---

[1]Plaintiff names officer John Doe as a Defendant in the caption, but only makes allegations against "Morgan." (Filing No. 1.) For the purposes of this Memorandum and Order, the court will treat "Morgan" as the named Defendant "John Doe."

Plaintiff alleges that Doe subsequently arrested Plaintiff, stole $11,786 in cash from his luggage, and took Plaintiff to jail for investigative detention. (*Id*.) Plaintiff asks the court to declare his arrest illegal and seeks $1,000,000.00 in damages. (*Id*.) Plaintiff also seeks the return of his money and "whatever else the court deems just." (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

### A. Claims Against NPD

Plaintiff names the NPD as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes claims against the NPD as claims against the City of Norman, Oklahoma. As a municipal defendant, the City of Norman may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)     That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that a City of Norman municipal policy or custom caused his "illegal arrest." Due to this omission, the court finds that Plaintiff has failed to allege a cognizable claim against the City of Norman under the *Jane Doe* standard. Plaintiff's claims against the City of Norman are therefore dismissed for failing to state a claim upon which relief can be granted.

    **B.    Claims Against Defendant Doe**

Liberally construed, Plaintiff's claims are brought pursuant to the Fourth and Fourteenth Amendments. "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986).

Here, Plaintiff alleges that Defendant Doe illegally arrested Plaintiff. (Filing No. 1.) However, Plaintiff does not allege that Doe arrested Plaintiff without probable cause. (*Id.*) In fact, Plaintiff alleges that Doe pulled him over for "following too close" and detained him because Doe's drug dog "scratched the passenger side door." (*Id.*) In short, Plaintiff's allegations only suggest that Doe did have probable cause to detain Plaintiff. In light of this, the court finds that Plaintiff has failed set forth sufficient facts to nudge his claims against Defendant Doe across the line from conceivable to plausible. Plaintiff's Fourth and Fourteenth Amendment claims against Defendant Doe are therefore dismissed for failing to state a claim upon which relief can be granted.

4

### C.     State Law Claims

Liberally construed, Plaintiff may have state law claims for replevin or conversion. The court declines to exercise supplemental jurisdiction over such claims because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.     A separate Judgment will be entered in accordance with this Memorandum and Order.

February 23, 2009.                    BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge